Daisy Mitchell, Petitioner *v.* Commonwealth of Pennsylvania, Philadelphia County Board of Assistance, Department of Public Welfare, Respondent.

Submitted on briefs, April 11, 1980, to Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

340

*Leonard Zack,* with him *Bruce H. Bikin* and *Arthur L. Shanker,* for petitioner.

*Jonathan Vipond, III,* Chief Counsel, with him *Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., May 13, 1980:

Petitioner, Daisy M. Mitchell, has been receiving public assistance in the Aid to Families with Dependent Children program for herself and her two minor children since July 5, 1968. In April of 1972 a benefactor paid the purchase price for a home at 130 South 60th Street in Philadelphia and had it deeded directly to "Daisy Mitchell, Trustee for Charles F. Mitchell, Jr. and Michelle Mitchell." It is agreed that "Daisy M. Mitchell expended no funds, rendered no services, and engaged in no conduct that created, or helped to create, the purchase monies for the property." Daisy Mitchell now resides on the premises with her two children and receives monthly rental payments in the amount of $165.00 for the use of the first floor as a store.

On February 2, 1978, petitioner was notified that the benefits would be discontinued on February 14, 1978 because of her refusal to sign a Department of Public Welfare lien on the property.

For purposes of the controlling legal principles, this case is controlled by our decision in *Castleberry v. Department of Public Welfare,* 36 Pa. Commonwealth Ct. 480, 387 A.2d 1360 (1978). President Judge CRUMLISH's opinion in that case makes it unnecessary for the principles to be rediscussed here or applied to essentially the same factual situation.

Petitioner would distinguish *Castleberry, supra,* on the basis that petitioner here did not create the trust nor did she contribute to it. While interesting, this is certainly not a controlling factor.

Accordingly, we will enter the following

ORDER

AND Now, May 13, 1980, the adjudication of the Department of Public Assistance, dated April 13, 1978, affirming the decision of the Philadelphia County Board of Assistance that petitioner and her two minor children are ineligible for further Aid to Families with Dependent Children because of her refusal to sign a lien is affirmed.